UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
BARTOSZ ZYBURA,

                                            Civil Docket No.:  1:21-cv-1348

                      Plaintiff,

    -against-

ROBINHOOD FINANCIAL LLC               **CLASS ACTION**
ROBINHOOD SECURITIES, LLC            **COMPLAINT**
ROBINHOOD MARKETS, INC.,

                   Defendants.         **Plaintiff Demands a
                                                                               Trial by Jury**

---------------------------------------------------------X

      Plaintiff Bartosz Zybura ("Plaintiff"), by and through his attorneys DEREK SMITH LAW GROUP, PLLC allege as follows on behalf of himself and all other members of the general public similarly situated:

## NATURE OF THE ACTION

1. Robinhood is an online brokerage firm.

2. Robinhood purposefully, willfully, and knowingly removing the stock "GME" from its trading platform in the midst of an unprecedented stock rise thereby deprived retail investors of the ability to invest in the open-market and manipulating the open-market.

## PARTIES

3. Plaintiff BARTOSZ ZYBURA was and is a citizen of the State of New Jersey.

4. Defendant Robinhood Financial LLC is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. It is a wholly-owned subsidiary of Robinhood Markets, Inc. Robinhood Financial LLC is registered as a broker-dealer with the U.S. Securities & Exchange Commission ("SEC"). Defendant Robinhood Financial LLC acts as an introducing broker and has a clearing arrangement with its affiliate Defendant Robinhood Securities, LLC.

5. Defendant Robinhood Securities, LLC is a Delaware corporation with its principal place of business at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746. It is a wholly owned subsidiary of Defendant Robinhood Markets, Inc. Defendant Robinhood Securities, LLC is registered as a broker-dealer with the SEC. Defendant Robinhood Financial LLC acts as a clearing broker and clears trades introduced by its affiliate Defendant Robinhood Financial.

6. Defendant Robinhood Markets, Inc. is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. Defendant Robinhood Markets, Inc. is the corporate parent of Defendants Robinhood Financial LLC and Robinhood Securities, LLC.

7. The above-named corporate defendants herein referred to collectively as "Robinhood."

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate claims of all members of the proposed class and subclass(es) are in excess of $5 million, exclusive of interest and costs, and there are more than 100 putative class members. Many members of the proposed class are citizens of a state different from Defendant.

9. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where Robinhood, distributed, marketed, advertised, and sold the trading services which are the subject of the present complaint. Finally, venue is appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

10. This Court has personal jurisdiction over Robinhood because it is authorized to do business and does conduct business in New Jersey, and because it has specifically marketed, advertised, and made substantial sales in New Jersey, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

## FACTUAL ALLEGATIONS

11. Robinhood is an online brokerage firm. Its customers place securities trades through the firm's website, by using a web-based application (or "app"). Robinhood permits customers to purchase and sell securities, including futures contracts.

12. Robinhood has experienced significant growth as a relatively new online brokerage firm. In 2019, Robinhood raised $323 million in funding at a $7.6 billion valuation. The firm

    markets itself primarily to younger investors and claims over 10 million users of its trading app.

13. On or about March 23, 2016, Robinhood's official Twitter account stated: "*Let the people trade.*" They have since disregarded their mantra and have blocked access for millions of its customers to trade particular securities.

14. On or around January 11, 2021, stocks in GameStop Corp. ("GME") began to rise.

15. At that time, Robinhood allowed retail investors to trade GME on the open market.

16. On or about January 27, 2021 Robinhood, in order to slow the growth of GME and deprived their customers of the ability to use their service, abruptly, purposefully, willfully, and knowingly pulled GME from their app. Meaning, retail investors could no longer buy or even search for GME on Robinhood's app.

17. Upon information and belief, Robinhood's actions were done purposefully and knowingly to manipulate the market for the benefit of people and financial intuitions who were not Robinhood's customers.

18. Since pulling the stock from their app, GME prices have gone up, depriving investors of potential gains.

19. Additionally, in the event GME goes down, Robinhood has deprived investors of "shorting" GME in the hopes the price drops.

20. In sum, Robinhood has completely blocked retailer investors from purchasing GME for no legitimate reason, thereby depriving retailer investors from the benefits of Robinhood's services.

21. The Financial Industry Regulatory Authority ("FINRA"), which governs brokers like Robinhood, espouses rule 5310 regarding "Best Execution and Interpositioning." Rule 5310.01 requires that Robinhood "*must make every effort to execute a marketable customer order that it receives promptly and fully.*" By failing to respond at all to customers' placing timely trades—and outright blocking customers from trading a security—Robinhood has breached these, among other, obligations and caused its customers substantial losses due solely to its own negligence and failure to maintain adequate infrastructure.

22. Robinhood continues to randomly pull other securities from its app for no legitimate reason.

23. Upon information and belief, Robinhood is pulling securities like GME from its platform in order to slow growth and help benefit individuals and institutions who are *not* Robinhood customers but are Robinhood large institutional investors or potential investors.

*Plaintiff's Experience*

24. On the morning on January 28, 2021, Plaintiff used his Robinhood app, searched for GME on Robinhood's app, and found it was unavailable. The stock did not even appear, although GME is a publicly traded company available on all other platforms.

25. Plaintiff intended to purchase GME and other stocks from Robinhood's app and was deprived of the ability due to Robinhood's actions.

26. Thus, Plaintiff, like so many others, lost out on all earning opportunities.

## CLASS ACITON ALLEGATIONS

27. Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class, as defined below:

    **All Robinhood customers within the United States.**

28. Additionally, or in the alterative, Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Subclass, as defined below:

    **All Robinhood customers within the United States who were not able to execute trades on GME and other securities after Robinhood knowingly, willfully, and purposefully removed them completely from their platform.**

29. Additionally, or in the alterative, Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class, as defined below:

    **All Robinhood customers within the State of New Jersey.**

30. Additionally, or in the alternative, Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Subclass, as defined below:

    **All Robinhood customers within the State of New Jersey who were not able to execute trades on GME and other securities after Robinhood knowingly, willfully, and purposefully removed completely from their platform.**

31. Excluded from the Class are the Robinhood entities and their current employees, counsel for either party, as well as the Court and its personnel presiding over this action.

32. This action has been brought and may properly be maintained as a class action against Robinhood pursuant to the provisions of Federal Rule of Civil Procedure 23.

33. **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiff at this time, but, based on information and belief, Class members are so numerous that their individual joinder herein is impracticable. Based on information and belief and publicly available reports, Class members number in the hundreds of thousands and up to ten million. Subclass members are likely in the thousands. All Class and Subclass members may be notified of the pendency of this action by reference to Robinhood's records, or by other alternative means.

34. **Commonality**: Numerous questions of law or fact are common to the claims of Plaintiff and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

    a. Whether Robinhood knowingly failed to provide the financial services that were needed to handle reasonable consumer demand, including trading securities that are available on every other competitive trading platform;

    b. Whether Robinhood failed to provide the duty of care to their customers when they purposefully removed GME;

    c. Whether Robinhood removed GME purposefully to harm their customers' positions in GME and benefit their own potential financial gains;

    d. Whether Robinhood violated FINRA Rule 5310, among other FINRA rules, state rules, and federal regulations;

    e. Whether Robinhood violated consumer protection laws in failing to disclose that its services would not include the ability to trade on GME, and other securities, for substantial periods of time;

    f. Whether Robinhood was in breach of its legal, regulatory, and licensing requirements by failing to provide adequate access to financial services;

    g. Whether Robinhood was in breach of its contracts and/or the implied covenant of good faith and fair dealing in connection with its failure to provide financial services;

    h. Whether Robinhood was negligent or grossly negligent by failing to provide financial services in a timely manner due to its own possible nefarious desires;

    i. Whether Robinhood breached its fiduciary duties to customers by failing to provide adequate access to financial services;

    j. Whether Robinhood was unjustly enriched by its conduct;

    k. Whether Plaintiff and the other Class members were injured by Robinhood's conduct, and if so, the appropriate class-wide measure of damages, restitution, and other appropriate relief, including injunctive relief.

    l. Whether Plaintiff and the other Class members are entitled to injunctive and declaratory relief.

35. **Typicality:** The claims of the named Plaintiff are typical of the claims of the proposed Class in that the named Plaintiff was a customer during the class period and was unable to trade GME and place time-sensitive trades on GME and sustained damages as a result of Robinhood's wrongful conduct.

36. **Adequate Representation:** Plaintiff will fairly and adequately represent the interests of the Class in that he has no conflicts with any other Class members. Plaintiff has retained competent counsel experienced in prosecuting complex class actions, including those involving financial services, and they will vigorously litigate this class action.

37. **Predominance and Superiority**: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, given the relatively modest damages sustained by most individual Class members, few, if any, proposed Class members could or would sustain the economic burden of pursuing individual remedies for Robinhood's wrongful conduct. Treatment as a class action will achieve substantial economies of time, effort, and expense, and provide comprehensive and uniform supervision by a single court. This class action presents no material difficulties in management.

38. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants. 34. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

39. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Robinhood has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole. 36. Class action

certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the Class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiff is insufficient to make litigation addressing Robinhood's conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

40. Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class wide basis.

## CAUSE OF ACTION I
## For Breach of Contract

41. Plaintiffs hereby incorporate by reference the factual allegations set forth above.

42. In order to use the Robinhood trading platform, a potential customer must enter into the Customer Agreement with Robinhood.

43. Plaintiff and all class members did enter into a Customer Agreement with Robinhood.

44. Robinhood breached its Customer Agreement by, among other things, failing to disclose that its platform was going to randomly pull a profitable stock from its platform; that Robinhood failed to provide adequate explanation to their customers; that Robinhood knowingly put their customers at a disadvantage compared to customers who used other trading apps; that Robinhood failed to provide access to its own financial incentives to pull certain securities including GME; that Robinhood's prohibited plaintiffs from performing in a timely manner (or at all) under the contract; that Robinhood failed to comply with all applicable legal, regulatory, and licensing requirements; and that Robinhood failed to exercise trades and actions requested by customers.

45. As such, Robinhood breached its Customer Agreement with Plaintiff and Class members.

46. Robinhood's failure to perform and its breaches of the Customer Agreement resulted in damages and losses to Plaintiff and Class members and continues to expose them to harm because Robinhood continues to fail to perform under the Customer Agreement. These losses reflect damages to Plaintiff and Class members in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

47. Plaintiffs hereby incorporate by reference the factual allegations set forth above.

48. Plaintiffs and members of the Class and Subclass entered into the Customer Agreement with Defendant Robinhood to open a Robinhood trading account. They agreed to Robinhood's Terms and Conditions by using Robinhood's website and trading platform.

49. Plaintiffs and members of the Class and Subclass fulfilled their obligations under these contracts by adhering to their terms and using Robinhood's trading services through its website and trading platform.

50. Robinhood was obligated to provide the trading services required under those contracts at all times, including but not limited to, trades for GME.

51. When initially signing up for Robinhood, Plaintiff and all those similarly situated could and most actually did trade GME.

52. Robinhood unfairly interfered with the rights of Plaintiffs and members of the Class and Subclass to receive the benefits of the Customer Agreement by, among other things, (i) failing to provide services necessary to carry out a trade; (ii) failing to provide certain trading services whatsoever; (iii) failing to inform individuals in a timely member of the drastic changes in trading abilities; and (iv) prohibiting plaintiffs from buying GME for Robinhood's own pecuniary interest and not disclosing those interest to Plaintiffs and all Class and Subclass members.

53. Robinhood's conduct has caused Plaintiffs and members of the Class and Subclass harm, losses, and damages. These losses reflect damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION III
### Negligence

54. Plaintiffs hereby incorporate by reference the factual allegations set forth above. Robinhood had a duty to exercise reasonable care in conducting and facilitating transactions for its customers.

55. Robinhood had a duty to exercise reasonable care in providing trades on the free, open market for its customers.

56. Robinhood unlawfully breached its duties by, among other things, (i) removed GME without notice from its trading app; (ii) failed to provide financial services related to GME; (iii) failing to notify customers in a timely manner of the GME "blackout."

57. Robinhood's conduct as set forth in this Complaint was want of even scant care, and its acts and omissions were and continue to be an extreme departure from the ordinary standard of conduct. Their actions breach any duty of care to their customers, but are also inconsistent with the standard of care expected from similar firms in the open market.

58. Upon information and belief, no institutions similar to Robinhood has ever outright banned customers from purchasing a specific share of a specific security.

59. Robinhood essentially abandoned its customers altogether by pulling GME, a standard of care so far below what is required for a business engaging in time sensitive trading services that it amounts to a complete abandonment of its duties.

60. Robinhood's grossly negligent and wrongful breaches of its duties owed to Plaintiffs and members of the Class and Subclass proximately caused losses and damages that would not have occurred but for Robinhood's gross breach of its duty of due care. These losses reflect damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION IV
## Breach of Fiduciary Duty

61. Plaintiff hereby incorporates by reference the factual allegations contained herein.

62. As a licensed provider of financial services, Robinhood at all times relevant herein was a fiduciary to Plaintiff and Class members and owed them the highest good faith and integrity in performing its financial services on their behalf. Robinhood also acted as a fiduciary to each and every customer who agreed to the Customer Agreement.

63. Robinhood breached its fiduciary duties to Plaintiff and Class members by, among other things, failing to disclose that its platform was going to remove GME and other securities purchases in a timely manner; actually removing GME and other securities; removing GME for its own pecuniary benefits; that Robinhood failed to provide access to its financial services in a timely manner; that Robinhood failed to comply with all applicable legal, regulatory, and licensing requirements; and that Robinhood failed to exercise trades and actions requested by customers in a complete and timely manner (also required by FINRA Rule 5310).

64. Robinhood's conduct has caused Plaintiff and Class members' harm, losses, and damages and continues to expose them to harm because Robinhood continues to breach its fiduciary duties. These losses reflect damages to Plaintiff and Class members in an amount to be determined at trial or separate proceedings as necessary.

**RELIEF REQUEST:**

1. Enter an immediate injunction requiring Robinhood to reinstatement GME and other securities on their trading platform;

Case 1:21-cv-21305-CMA   Document 1   Entered on FLSD Docket 01/28/2021   Page 10 of 10

2. Enter an award for plaintiffs to be determined;

3. Enter an award for attorneys fees and costs;

4. Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants;

5. Any other relief this Court deems just and fit.

Date: January 28, 2021

**Respectfully,**

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119